UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

VICTOR LOPEZ,
MARIANNE PERALTA,
MARIA GUADALUPE MARINES,
MARIA ELVIRA MONTOYA,
and other similarly situated individuals,

  Plaintiffs,

vs.

CORE MANAGEMENT GROUP LLC.,
a Colorado Limited Liability Company,
PAUL DAVIS RESTORATION INC.,
a Florida Profit Corporation,
COREY A. HOVLAND, individually, and
SALVADOR GOVEA, individually,

  Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT. IN PURSUANT TO § 216 (B))

Plaintiffs, VICTOR LOPEZ, MARIANNE PERALTA, MARIA GUADALUPE MARINES, and MARIA ELVIRA MONTOYA ("Plaintiff(s)"), by and through the undersigned counsel, hereby sue Defendants, CORE MANAGEMENT GROUP LLC., PAUL DAVIS RESTORATION INC., and COREY A, HOVLAND ("Defendant(s)"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is a collective action by the Plaintiffs for breach of agreement, for quantum meruit, for unjust enrichment, and for unpaid wages and for retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

1

3. Plaintiffs were at all times relevant to this action, and continue to be, residents of Collier County Florida, Lee County Florida, and Hendry County Florida within the jurisdiction of this Honorable Court. Plaintiffs are covered employee for purposes of the FLSA.

4. Defendants, CORE MANAGEMENT GROUP LLC. and PAUL DAVIS RESTORATION INC. jointly employed Plaintiffs for restoration work and clean up, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, COREY A. HOVLAND, is a corporate officer of, and exercised operational control over the activities of, corporate Defendants, CORE MANAGEMENT GROUP LLC.

6. Defendant, SALVADOR GOVEA, coordinated the Plaintiffs' schedules and wage payments, and exercised operational control over the activities of corporate Defendants, CORE MANAGEMENT GROUP LLC and PAUL DAVIS RESTORATION INC.

7. Venue is proper in Collier County because all of the actions that form the basis of this Class Action Complaint occurred within Collier County and payment was due in Collier County.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff Maria Guadalupe Marines performed work for Defendants as a non-exempt Cleaning Laborer from on or about October 4, 2022 to on or about October 16, 2022.

11. Plaintiff Victor Lopez performed work for Defendants as non-exempt Cleaning Laborer from on or about October 4, 2022 to on or about October 16, 2022.

12. Plaintiff Maria Elvira Montoya performed work for Defendants as a non-exempt Cleaning Laborer from on or about October 8, 2022 to on or about October 15, 2022.

13. Plaintiff Marianne Peralta performed work for Defendants as a non-exempt Cleaning Laborer from on or about October 4, 2022 to on or about October 16, 2022.

14. At all times material hereto, Plaintiffs and Defendants were engaged in an implied agreement whereby Plaintiffs would be employed by Defendants and that Plaintiffs would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

15. Throughout Plaintiffs' employment, Plaintiffs would work in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiffs, including those hours worked by Plaintiffs in excess of forty (40) in a given work week.

16. Plaintiffs were not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

17. Additionally, throughout the Plaintiffs' employment, they were paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

18. Throughout Plaintiffs' employment, Plaintiffs regularly and repeatedly complained and/or objected the Defendants' failure to properly pay overtime wages.

19. On or about October 2022, Defendants terminated Plaintiffs in retaliation for engaging the protected activity described above.

## COUNT I
### *Breach of Agreement against CORE MANAGEMENT GROUP LLC*

20. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 18 of this collective action complaint as if set out in full herein.

21. Defendant breached its agreement with Plaintiffs by failing to pay the amount due to Plaintiffs for services provided and performed under their agreement, and by not properly paying Plaintiffs for all hours worked in violation of the laws of the United States and the State of Florida.

22. Plaintiffs suffered damages as a result of Defendants' breach of said agreement.

**WHEREFORE,** Plaintiffs seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
*Breach of Agreement against PAUL DAVIS RESTORATION INC*

23. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 18 of this collective action complaint as if set out in full herein.

24. Defendant breached its agreement with Plaintiffs by failing to pay the amount due to Plaintiffs for services provided and performed under their agreement, and by not properly paying Plaintiffs for all hours worked in violation of the laws of the United States and the State of Florida.

25. Plaintiffs suffered damages as a result of Defendants' breach of said agreement.

**WHEREFORE**, Plaintiffs seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT III
*Quantum Meruit against CORE MANAGEMENT GROUP LLC*

26. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 18 of this collective action complaint as if set out in full herein.

27. Plaintiffs have conferred a benefit onto Defendants by performing and providing services for Defendant.

28. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiffs.

29. Defendants accepted Plaintiff's services to Defendants.

30. Defendants retain an inequitable benefit from Plaintiffs by not properly paying Plaintiffs for all hours worked in violation of the laws of the United States and the State of Florida.

31. Plaintiffs seek damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

**WHEREFORE,** Plaintiffs seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### *Quantum Meruit against PAUL DAVIS RESTORATION INC*

32. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 18 of this collective action complaint as if set out in full herein.

33. Plaintiffs have conferred a benefit onto Defendants by performing and providing services for Defendant.

34. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiffs.

35. Defendants accepted Plaintiffs' services to Defendants.

36. Defendants retain an inequitable benefit from Plaintiffs by not properly paying Plaintiffs for all hours worked in violation of the laws of the United States and the State of Florida.

37. Plaintiffs seek damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

**WHEREFORE**, Plaintiffs seek a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT V
### *Unjust Enrichment against CORE MANAGEMENT GROUP LLC*

38. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 18 of this collective action complaint as if set out in full herein.

39. Plaintiffs have conferred a benefit upon Defendants for services performed and provided to Defendants.

40. Defendants have knowledge of the services performed and provided by Plaintiffs.

41. Defendants voluntarily accepted the services performed and provided by Plaintiffs.

42. Defendants unjustly benefit from the services performed and provided by Plaintiffs by not properly paying Plaintiffs for all hours worked in violation of the laws of the United States and the State of Florida.

43. Plaintiffs seek damages for the value of the work performed to Defendants.

**WHEREFORE**, Plaintiffs seek a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT VI
### *Unjust Enrichment against PAUL DAVIS RESTORATION INC.*

44. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 18 of this collective action complaint as if set out in full herein.

45. Plaintiffs have conferred a benefit upon Defendants for services performed and provided to Defendants.

46. Defendants have knowledge of the services performed and provided by Plaintiffs.

47. Defendants voluntarily accepted the services performed and provided by Plaintiffs.

48. Defendants unjustly benefit from the services performed and provided by Plaintiffs by not properly paying Plaintiffs for all hours worked in violation of the laws of the United States and the State of Florida.

49. Plaintiffs seek damages for the value of the work performed to Defendants.

**WHEREFORE,** Plaintiffs seek a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT VII
*Wage & Hour Federal Statutory Violation against*
*CORE MANAGEMENT GROUP LLC*

50. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 18 of this collective action complaint as if set out in full herein.

51. This action is brought by Plaintiffs to recover from Defendant's unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

52. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

53. At all times pertinent to this Class Action Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

54. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

55. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiffs' work for the Defendant likewise affects interstate commerce.

56. Plaintiffs seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

57. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiffs at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

58. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these unpaid wages since the commencement of Plaintiffs' employment with Defendant as set forth above. As such, Plaintiffs are entitled to recover double damages.

59. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

   B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

   D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VIII**</u>
*Wage & Hour Federal Statutory Violation against*
*PAUL DAVIS RESTORATION INC*

60. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 18 of this collective action complaint as if set out in full herein.

61. This action is brought by Plaintiffs to recover from Defendant's unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and

specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

62. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

63. At all times pertinent to this Class Action Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

64. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

65. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiffs' work for the Defendant likewise affects interstate commerce.

66. Plaintiffs seek to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

67. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiffs at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

68. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these unpaid wages since the commencement of Plaintiffs' employment with Defendant as set forth above. As such, Plaintiffs are entitled to recover double damages.

69. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT IX
### *Wage & Hour Federal Statutory Violation against COREY A. HOVLAND*

70. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 18 of this collective action complaint as if set out in full herein.

71. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, CORE MANAGEMENT GROUP LLC.

72. Defendant was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

73. Defendant had operational control of the business and is thus jointly liable for Plaintiffs' damages.

74. Defendant willfully and intentionally refused to properly pay Plaintiffs wages as required by the law of the United States as set forth above and remains owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the

circumstances.

## COUNT X
*FLSA Retaliation Violation against CORE MANAGEMENT GROUP LLC*

75. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

76. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

77. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

78. The motivating factor that caused Plaintiffs' adverse employment action as described above was Plaintiffs' complaint regarding not being properly paid for all hours worked.

79. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiffs compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT XI
### *FLSA Retaliation Violation against PAUL DAVIS RESTORATION INC*

80. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

81. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

82. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

83. The motivating factor that caused Plaintiffs' adverse employment action as described above was Plaintiffs' complaint regarding not being properly paid for all hours worked.

84. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT XII
### *Wage & Hour Federal Statutory Violation against Salvador Govea*

85. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 18 of this collective action complaint as if set out in full herein.

86. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, CORE MANAGEMENT GROUP LLC.

87. Defendant was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

88. Defendant had operational control of the business and is thus jointly liable for Plaintiffs' damages.

89. Defendant willfully and intentionally refused to properly pay Plaintiffs wages as required by the law of the United States as set forth above and remains owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

Dated: April 18, 2024                     Respectfully submitted,

/s/ *Peter M. Hoogerwoerd*
**Peter M. Hoogerwoerd, Esq.**
Florida Bar No.: 188239
pmh@rgph.law
**REMER, GEORGES-PIERRE, & HOOGERWOERD PLLC**
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
Telephone: (305) 416-5000